UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEFFREY SILHANEK,

Defendant.

Case No. 8:19-cr-00094-JLS-1

ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ ~~the Director of the Bureau of Prisons~~ for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ ~~GRANTED~~

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐    This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____

_____

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____
_____
_____
_____
_____

☐ ~~DEFERRED~~ pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED** after complete review of the motion on the merits.

    ☒ FACTORS CONSIDERED (Optional)

Defendant has met the exhaustion requirement of § 3582(c)(1)(A). (*See* Doc. 61, Mot. Ex. 1.)

Defendant has not established an extraordinary and compelling reason for sentence reduction or release. First, Defendant does not qualify for compassionate release based on medical conditions. Defendant argues that his condition of obesity is among those medical conditions that places him at risk for

3

severe disease should he contract COVID-19.  Although obesity is so identified, Defendant suffers from its mildest form.  (*See* Doc. 61 at 4, BOP medical records ("Body mass index (BMI) 31.0-31.9"); *cf.* https://www.cdc.gov/obesity/adult/defining.html (defining Class 1 Obesity as BMIs measuring at least 30 but less than 35).)  A review of Defendant's medical records reveal that he is an otherwise healthy 39-year old man.

Moreover, the risk of contracting COVID-19 is greatly reduced.  Pandemic conditions at Defendant's facility of incarceration, FCI Butner Medium 1, are favorable:  As of May 9, 2021, there is only one active infection reported among inmates.  (*See* https://www.bop.gov/coronavirus/.)  Additionally, the BOP's vaccine implementation program well underway (*see id.*), and Defendant was recently offered a COVID-19 vaccination.[1]

Second, although commendable, Defendant's desire to care for his elderly parents does not establish an extraordinary and compelling reason for sentence reduction or release.  The category for sentence reduction or release based on caretaking responsibilities is narrow, and it is limited to the need to care for an inmate's spouse, registered partner, or minor children.  *See* USSG § 1B1.13 cmt 1(C).  Moreover, it appears that his sister has primary responsibilities in caring for their parents.

On this record, Defendant has failed to establish an extraordinary and compelling reason for sentence reduction or release; therefore, the Motion for Compassionate Release is DENIED.

☐  DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:    May 11, 2021

                                                      Hon. Josephine L. Staton
                                                   UNITED STATES DISTRICT JUDGE

---

[1] The record is unclear as to whether the vaccine was administered or whether Defendant refused it.  (*See* BOP Med. Rec. at 21-24.)